UNITED STATES of America,
Plaintiff,

v.

UNITED STATES TRUCKING CORPO-
RATION, Defendant.

No. 70 Civ. 919.

United States District Court,
S. D. New York.

Sept. 24, 1970.

Whitney North Seymour, Jr., U. S. Atty., for Southern District of New York, for plaintiff; David M. Brodsky, Asst. U. S. Atty., of counsel.

Zelby & Burstein, New York City, for defendant; Herbert Burstein, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

The defendant, United States Trucking Corporation, moves, pursuant to Rules 12(b) (1) and 12(b) (6), F.R.Civ. P., for an order dismissing the complaint which charges violations of the Federal Highway Administration (FHWA) regulations regarding the reporting of accidents by motor carriers (49 C.F.R. Part 394). The Government cross moves, pursuant to Rule 56(a), F.R.Civ. P., for summary judgment.

The Government instituted this action to recover civil forfeitures for nineteen alleged violations of these regulations in 1968.

The pertinent regulations require the filing of reports of "recordable accidents" with the FHWA within fifteen days after the accident occurs. 49 C.F.R.

394.4 and 394.5. A "recordable accident" is one involving a personal injury or damage to property in excess of $250. Section 322(h) of 49 U.S.C. provides for a maximum penalty of $500 for each failure to file a report and an additional penalty of an amount not to exceed $250 for each day such failure to file continues. The Government seeks judgment in the sum of $9500 ($500 for each alleged failure to file) and additional penalties for each day such failure continued.

The defendant is a Class I Motor Carrier and Contract Carrier and engages in interstate transportation, principally in the metropolitan areas of New York and New Jersey. The defendant is subject to the reporting regulations of the FHWA, a branch of the Department of Transportation (DOT).

In December, 1968, the Bureau of Motor Carrier Safety, of the FHWA, conducted a safety compliance survey of the defendant's operations to determine whether the defendant had maintained a satisfactory degree of compliance with the FHWA's Motor Carrier Safety Regulations, 49 C.F.R. 390, *et seq.* The Bureau examined the defendant's accident register, accident reports, accident appraisal records, statements of drivers, and interviewed certain of defendant's personnel who had responsibility to report accidents.

The FHWA concluded that in 1968 the defendant had failed to report at least nineteen accidents involving personal injury or property damage of at least $250.

FHWA mailed a Notice of Claim to the defendant in the amount of $9500 with an invitation to discuss the terms of payment, pursuant to 49 C.F.R. Part 385. No agreement having been reached, the Government instituted this action.

#### Defendant's Motion to Dismiss

■ The defendant contends that the FHWA's accident reporting regulations were not binding in 1968 because, when the FHWA was established as a branch of DOT, the regulations here involved were not published pursuant to the Administrative Procedure Act, 5 U.S.C. 553 (b), and no notice was given to interested persons to participate in the rulemaking process, pursuant to 5 U.S.C. 553 (c). The Government contends that the Department of Transportation Act, 49 U.S.C. 1651, *et seq.*, which became effective on April 1, 1967, specifically carried over, in full force and effect, the accident reporting regulations previously issued by the Interstate Commerce Commission (ICC) after compliance with the Administrative Procedure Act.

In order to resolve the issue, it is necessary to trace the history of the regulations through the enactment of the Department of Transportation Act. The regulations were promulgated in 1947 by the ICC in compliance with the rulemaking procedure of the Administrative Procedure Act, 5 U.S.C. 553. In 1962, the regulations were revised in accordance with the Administrative Procedure Act. The revised regulations appear at 49 C.F.R. Part 194 (1964).

The Department of Transportation Act became effective on April 1, 1967. The purpose of the new executive department was "to bring together major Federal agencies and activities involving transportation promotion and safety, but not economic regulation which would remain with the appropriate regulatory agencies." House Report No. 1701, U.S. Code and Adm.News, p. 3362 (1966). Section 6(e) of the Department of Transportation Act, 49 U.S.C. 1655(e), provided for the transfer of the ICC's safety functions to the DOT. The DOT delegated to the FHWA the power and duty to regulate motor carrier safety. 49 U.S.C. 1655(f) (3) (B).

The Department of Transportation Act included a "Savings Provision," 80 Stat. 949, which provided in relevant part as follows:

"(a) All orders, determinations, rules, regulations, permits, contracts, certificates, licenses, and privileges—

"(1) which have been issued, made, granted, or allowed to become effective—

"(A) under any provision of law amended by this Act * * * or

"(B) in the exercise of duties, powers, or functions which are transferred under this Act;

by (i) any department or agency, any functions of which are transferred by this Act, or (ii) any court of competent jurisdiction, and

"(2) which are in effect at the time this Act takes effect, shall continue in effect according to their terms until modified, terminated, superseded, set aside, or repealed by the Secretary, Administrators, Board, or General Counsel (in the exercise of any authority respectively vested in them by this Act), by any court of competent jurisdiction, or by operation of law."

Because of the "Savings Provision," the FHWA was not required to republish the accident reporting regulations under the Administrative Procedure Act for the regulations to be binding on motor carriers subject to the Department of Transportation Act. See Couto v. Shaughnessy, 218 F.2d 758 (2d Cir.), cert. denied, 349 U.S. 952, 75 S.Ct. 879, 99 L.Ed. 1276 (1955); Marcello v. Ahrens, 212 F.2d 830, 836 (5th Cir.), aff'd, 349 U.S. 302, 75 S.Ct. 757, 99 L. Ed. 1107 (1954). The minor revisions of the regulations, made in December, 1967, 49 C.F.R. 294 (1968 ed.), merely reflect the technical changes necessitated by the adoption of the Department of Transportation Act and were "not intended to create, alter, or revoke pre-existing substantive rights and duties." 32 Fed. Reg. 17941 (1967). Notice of the revision was not necessary under the Administrative Procedure Act, 5 U.S.C. 553 (b) (B).

For those reasons, the regulations were in force in 1968, and applied to the defendant. Therefore, the defend-ant's motion to dismiss the complaint must be denied.

### Government's Motion for Summary Judgment

██ A review of the affidavits, in support of and opposition to the Government's motion for summary judgment, shows that the only issue raised by the defendant is the accuracy of its own damage estimates. The defendant does not deny that the accidents occurred and that they were not reported.

The defendant alleges that, in at least four instances, the appraisal reports include damage unrelated to the accident involved. The accident reporting regulations provide that the best available estimate of the amount of damage should be entered in the accident report. 49 C.F.R. 294.12(37) (1968 ed.). The best available estimate was the defendant's records, which describe and appraise the damage in each accident and clearly show that in each case the damage exceeded $250. If these estimates included other damage, the defendant could have so stated in its reports, but this does not excuse it from filing no reports at all.

Since the defendant violated the accident reporting regulations nineteen times in 1968, the Government is entitled to summary judgment. However, because this action is the first of its type under the DOT and FHWA, the Court believes a $100 penalty in each instance is adequate. The Court therefore grants summary judgment to the Government in the amount of $1900 ($100 for each failure to report a recordable accident).

The Government seeks summary judgment with respect to a penalty of $250 a day for each day the defendant failed to file a report for each accident. In view of the lapse of time, such penalty could be upward of three million dollars. Noting that this is a case of first impression and the defendant has not had a trial to explain fully its failure to file the reports, summary judgment is de-

nied. If the Government seeks additional penalties in excess of the $1900 herein granted, it should proceed to a full trial on the merits.

Summary judgment is granted to the plaintiff against the defendant in the sum of $1900. In all other respects the Government's motion for summary judgment is denied.

Settle order on notice.